UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
CE LINE ONE CORPORATION LIMITED f/k/a        :
FIVE OCEAN'S TRADING ASIA LIMITED, et al.,   :
                                             :      24-CV-9889 (RA) (OTW)
                  Plaintiffs,                :
                                             :      **OPINION & ORDER**
         -against-                           :
                                             :
DARREN NEIL MASTERS, et al.,                 :
                                             :
                  Defendants.                :
                                             :
-------------------------------------------------------------x

**ONA T. WANG**, **United States Magistrate Judge**:

I.   **INTRODUCTION**

CE Line One Corporation Limited f/k/a Five Ocean's Trading Asia Limited and Diptsy Molina ("Molina") (together, "Plaintiffs"), bring suit against Jonathan C. Goldstein, Jonathan C. Goldstein P.C., (together, the "Goldstein Defendants") and Darren Neil Masters ("Masters") (together, "Defendants") based on allegations that Defendants participated in a scheme under which Masters induced Molina to contribute $11,300,000 to a sham investment based on various misrepresentations, using Goldstein's services, to misappropriate and dissipate Plaintiffs' funds.  (*See generally* ECF 1).  Plaintiffs sue for breach of fiduciary duty, fraud, unjust enrichment, conversion, fraudulent conveyance, and civil conspiracy.  (ECF 1 at ¶¶ 56–98).  The Goldstein Defendants have appeared.

Plaintiffs now seek leave to serve Masters by alternative means, specifically certified mail and email.  (ECF Nos. 24, 25).  Plaintiffs' motion is unopposed.  (*See generally* Docket).

For the following reasons, Plaintiffs' motion is **GRANTED**.  Plaintiffs are directed to serve Masters by email by **Thursday, April 24, 2025**, and file proof of service on the docket.

II.   **RELEVANT BACKGROUND**

Plaintiffs engaged Action Legal Process and Investigative Group ("Action Legal"), a member of the National Association of Professional Process Servers with over 25 years of experience, to personally serve Masters with: (1) the summons; (2) the complaint; and the Court's Order of December 27, 2024.  (ECF Nos. 25 at 3, 25-1).  Plaintiffs also engaged a private investigator to find Masters' contact information, including his physical address, his email addresses, and his telephone numbers.  (ECF 25-2 at ¶ 3).  The private investigator found that: (1) Masters' last known residence is in Naples, Florida; (2) he has two email addresses (neil.masters@snadvisory.com and dneilmasters@gmail.com);[1] and (3) that he is reachable at the telephone number (239) 287-2909.  (ECF 25-2 at ¶¶4–7).

On January 2, 2025, Action Legal sent a process server to attempt to personally serve Masters at his Naples address.  (ECF 25-1).  The process server was unsuccessful.  (ECF 25-1).  The process server then contacted Masters by text message at the phone number the investigator identified, and attempted to arrange a time to effectuate service.  (ECF 25-1).  Between January 2 and February 3, 2025, the process server repeatedly texted Masters to arrange personal service.  (ECF 25-1).  Although Masters responded, and initially offered multiple times and locations—including the Naples address—at which he would be available, every time, he ultimately either changed the plan, failed to confirm it, or simply did not show up.[2]  (ECF 25-1).  On January 18, 2025, the process server again attempted to personally serve

---

[1] Masters has previously used the email address at snadvisory.com to communicate with Plaintiffs and the Goldstein Defendants.  (*See* ECF 25-1 at 136–45).

[2] Masters confirmed in a text message to the Process Server that the Naples address was in fact his residence.  (ECF 25-1).

Masters at his Naples residence, but, upon arrival, found a "for-sale" sign in the yard. (ECF 25-1). The process server called the phone number of the realtor listed on the for-sale sign, who stated that Masters had lost the house in a foreclosure approximately a year prior and that he did not have a forwarding address for him. (ECF 25-1). To date, the process server has been unable to effect personal service, and Masters has not appeared in this case. (*See generally* Docket).

On February 13, 2025, Plaintiffs moved for leave to serve Masters by alternative means, (ECF Nos. 24, 25), and Plaintiffs currently have until April 24, 2025, to serve Masters (ECF Nos. 32, 33). The Goldstein Defendants have not opposed Plaintiffs' motion for alternative service. (*See generally* Docket).

### III. DISCUSSION

Federal Rule of Civil Procedure 4(e)(1) permits a plaintiff to serve an individual defendant by "following state law for serving a summons . . . where the district court is located." Fed. R. Civ. P. 4(e)(1). Under New York law, a plaintiff may serve an individual defendant "in such manner as the court, upon motion without notice, directs, if service is impracticable" under the methods enumerated in the C.P.L.R. N.Y. C.P.L.R. § 308(5). Whether service is impracticable depends on the facts and circumstances of the case. *Sirius XM Radio Inc. v. Aura Multimedia Corp.*, 339 F.R.D. 592, 593 (S.D.N.Y. 2021); *Europgold Ltd. v. Silver N Gold Wholesale, LLC*, 24-CV-07297 (JLR), 2025 WL 897100, at *1 (S.D.N.Y. 2025) (citing *Bayview Loan Servicing, LLC v. Cave*, 101 N.Y.S.3d 172, 174 (2d Dep't 2019). In general, the plaintiff must make some showing that the other prescribed methods of service cannot be made, (*Sirius XM Radio*, 339 F.R.D. at 593) but need not show either due diligence or that all other methods of

service have been exhausted (*Europgold Ltd.*, 2025 WL 897100, at *1). The proposed method of service must also satisfy due process, by being "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Luessenhop v. Clinton Cnty., New York*, 466 F.3d 259, 269 (2d Cir. 2006) (quoting *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950)).

Plaintiffs' proposal to serve Masters by certified mail and email is proper under Rule 4(e)(1). Personal service is impracticable because Masters is plainly evading personal service. (*See supra* at § II). They have also shown that the physical and email addresses identified by their investigator do in fact belong to Masters. (*See* ECF 25-2 at ¶¶4, 7). Courts in this District have found that certified mail to a defendant's last known address is reasonably calculated to apprise a defendant of an action against him. *D.R.I., Inc. v. Dennis*, 03-CV-10026 (PKL), 2004 WL 1237511, at *1 (S.D.N.Y. 2004) (collecting cases). Courts in this District have also repeatedly found that email service meets the requirements of due process. *See Elsevier*, 286 F. Supp. 3d at 379 (collecting cases). *See also Pearson Educ. Inc. v. Doe 1*, 18-CV-7389 (PGG) (OTW), 2019 WL 6498305, at *3 (S.D.N.Y. 2019) ("Service by email *alone* comports with due process where a plaintiff demonstrates that the email is likely to reach the defendant.") (*emphasis* added). Accordingly, the Court finds that service by both certified mail and email is reasonably calculated to provide Masters with the notice that due process requires.

Case 1:24-cv-09889-RA-OTW    Document 41    Filed 04/11/25    Page 5 of 5

**IV. CONCLUSION**

For the foregoing reasons, Plaintiffs' motion for alternative service is **GRANTED**. Plaintiffs are directed to serve Masters by certified mail and email by **Thursday, April 24, 2025**, and file proof of service on the docket.

The Clerk of Court is respectfully directed to close ECF 24.

**SO ORDERED.**

Dated: April 11, 2025
New York, New York

*/s/ Ona T. Wang*
**Ona T. Wang**
United States Magistrate Judge