**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------------x
CE LINE ONE CORPORATION LIMITED f/k/a FIVE :
OCEAN'S TRADING ASIA LIMITED, et al.,                  :
                                                                               :         24-CV-9889 (RA) (OTW)
                          Plaintiffs,                              :
                                                                               :         **ORDER**
                          -against-                               :
                                                                               :
DARREN NEIL MASTERS, et al.,                             :
                                                                               :
                          Defendants.                         :
                                                                               :
------------------------------------------------------------x

       **ONA T. WANG**, **United States Magistrate Judge**:

       The Court is in receipt of ECF 100, *pro se* Defendant Darren Neil Masters's request for an extension of time to answer the pending motions for sanctions, (*see* ECF Nos. 84, 92), and Plaintiffs' response, ECF 101.

       Masters claims to be "detained" in the United Kingdom and "unable to travel to return to the United States at this time to seek [c]ounsel." (ECF 100 at 1). In his motion for extension of time, Masters has not explained (much less substantiated) why, even if he is "detained" in the United Kingdom, he cannot file his opposition to the sanctions motions in the way he has filed numerous other filings (including a motion to dismiss) while in his self-represented status.

       The Court shares Plaintiffs' concern that, in support of this claim, "Masters attaches what he claims to be a '[cop[y] of the relevant action supported by the US Central Office and the Scottish Central Office and currently before the Courts o[f] Scotland,'" which "is an unsworn document…of questionable authenticity: it visibly contains Microsoft Word tracked-changes and comment bubbles; its formatting is irregular and amateurish, it identifies no court, case number,

judge, or filing stamp; and nowhere substantiates the asserted involvement of any U.S. or Scottish 'Central Office.'" (ECF 101 at 6-7).

Nevertheless, "It is well established that a court is ordinarily obligated to afford a special solicitude to *pro se* litigants." *Tracy v. Freshwater*, 623 F.3d 90, 101 (2d Cir.2010) (*citing Estelle v. Gamble*, 429 U.S. 97, 106 (1976)*; Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474–75 (2d Cir. 2006). The solicitude afforded to *pro se* litigants takes a variety of forms…[including] leniency in the enforcement of other procedural rules. *Id*. at 101 (*citing LeSane v. Hall's Sec. Analyst, Inc.,* 239 F.3d 206, 209 [2d Cir.2001] [*"[P]ro se* plaintiffs should be granted special leniency regarding procedural matters"]); *see also Enron Oil Corp. v. Diakuhara*, 10 F.3d 90, 96 (2d Cir.1993) ("[T]rial judges must make some effort to protect a [*pro se*] party from waiving a right to be heard because of [their] lack of legal knowledge"). However, that solicitude can be revoked after a *pro se* party demonstrates repeated bad faith, as Masters has here by his refusal to participate in the Rule 26(f) conference and failure to appear at the Initial Case Management Conference along with his disregard for the Court's Order to do so. (*See e.g.,* ECF 78-1, a screenshot of a text message conversation between Plaintiffs and a person Plaintiffs identify as Masters in which Masters says, "[y]ou can do what you want i [sic] cannot attend [the Initial Case Management Conference] and any issues will just be appealed…as I said if anything happens i [sic] will simply appeal which I will succeed on. I am sorry but some things are inevitable" [sic]). However, because Masters faces significant consequences if he does not respond to the motions for sanctions, the Court will permit a brief extension as a courtesy so that Masters may prepare his response to both sanctions motions, **whether or not he obtains counsel**. Masters **IS WARNED** that, while the Court may extend self-represented parties special leniency in terms of deadlines because of their lack of legal knowledge, that leniency is not unlimited, and does not extend to a complete failure to appear for

conferences or failure to meet and confer with opposing parties when necessary to defend the

case. (*See e.g.*, ECF Nos. 78, Plaintiffs' letter informing the Court that Masters refused to meet and

confer prior to the September 4 Initial Case Management Conference; 81, the Court's Order to

Show Cause why Masters should not be sanctioned for failing to appear at the Initial Case

Management Conference; and 86, transcript of the Initial Case Management Conference).

Accordingly, Masters's request for an extension to respond to the motions for sanctions

(ECF Nos. 84, 92) is **GRANTED**, *nunc pro tunc*. Masters is directed to file his opposition no later

than **November 26, 2025**. **THERE WILL BE NO FURTHER EXTENSIONS.** Plaintiffs are directed to

serve a copy of this Order on Masters and file proof of such service on the docket by **November**

**19, 2025**.

The Clerk of Court is respectfully directed to close ECF 100.

**SO ORDERED.**

/s/  Ona T. Wang

Dated: November 17, 2025                **Ona T. Wang**
New York, New York                      United States Magistrate Judge