UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------x

CE LINE ONE CORPORATION LIMITED f/k/a FIVE :
OCEAN'S TRADING ASIA LIMITED, et al.,       :
                                            :
                                            :        24-CV-9889 (RA) (OTW)
            Plaintiffs,                      :
                                            :
                                            :        **OPINION AND ORDER ON**
            -against-                        :        **ORDER TO SHOW CAUSE AT**
                                            :        **ECF 81**
DARREN NEIL MASTERS, et al.,                 :
                                            :
            Defendants.                      :
                                            :

------------------------------------------------------------x

**ONA T. WANG**, **United States Magistrate Judge**:

Before the Court are two motions for sanctions[1] against self-represented Defendant

Darren Neil Masters ("Masters") seeking attorneys' fees for his refusal to participate in a Rule 26(f)

conference prior to, and his subsequent failure to appear at, the September 4, 2025 Initial Case

Management Conference. (*See* ECF Nos. 84, 92). I previously ordered Masters to show cause why

he should not be sanctioned for that conduct. (ECF 81). He failed to respond to the Order to Show

Cause or either motion for sanctions, which I then deemed unopposed. (ECF 106). For the reasons

that follow, I find that Masters has violated Fed. R. Civ. P 16(f), and has not shown cause why he

should not be sanctioned. Accordingly, Masters is sanctioned by an award of Plaintiffs' attorneys'

fees of **$23,788.00**, Plaintiffs' costs of **$2,814.33**, and Defendants Jonathan Goldstein and his law

firm, Jonathan C. Goldstein, P.C's., (the "Goldstein Defendants") attorneys' fees of **$6,117.50** with

no costs, for a total award of **$32,719.83.**

---

[1] Plaintiffs' first motion and the Goldstein Defendants' motion for sanctions, (ECF Nos. 84, 92) are addressed by the Order to Show Cause at ECF 81. Plaintiffs also filed a second motion for sanctions (ECF 112). Because the allegations in ECF 112 are not addressed by the Order to Show Cause at ECF 81, the Court will address ECF 112 in a separate order.

## I.    FACTUAL AND PROCEDURAL HISTORY[2]

In sum, Plaintiffs allege that Masters misrepresented his qualifications and the benefits of an investment to them and convinced them to wire $11,300,000 to a non-party British law firm ("7LF"). (*See* Compl., ECF 1 at ¶¶21-30; Pls.' Mem. of Law, ECF 85 at 4-6). At Masters's direction, 7LF transferred Plaintiffs' funds to the Goldstein Defendants. (Compl., ECF 1 at ¶¶ 33-35). During this time, Plaintiffs sought return of their funds, and the Goldstein Defendants wired $100,000 to Plaintiffs, purportedly as a "test payment." (*Id*. at ¶40). No other funds were returned to Plaintiffs. (*Id*. at ¶41).

The Goldstein Defendants claim that they only "entered into an escrow agreement" with Masters to enable him to move funds into the United States. (Tr., ECF 86 at 16:22 – 17:11). The Goldstein Defendants explicitly disclaim any attorney-client relationship with Plaintiffs or with Masters. (*Id*.) The Goldstein Defendants also represented that they may have "significant cross-claims" against Masters. (*Id.*) ("… we believe and we respectfully submit [that Masters] was the mastermind behind this entire proceeding"). Further, it appears that the Goldstein Defendants transferred funds to Masters's account at Citibank at Masters's direction. (*See* Compl., ECF 1 at ¶¶43-47).

This matter was initially referred to me for general pretrial purposes and for a motion for leave to serve Masters by alternative means (ECF 26), which was amended to incorporate Plaintiffs' and the Goldstein Defendants' motions for sanctions at ECF Nos. 84, 92 and 112. (ECF

---

[2] The Court relies on the docket, transcript, and letters from both Plaintiffs and the Goldstein Defendants for the factual summary herein because Masters has not responded to either motion for sanctions or disputed any of the factual allegations made by Plaintiffs or Goldstein Defendants regarding his conduct during this case.

117). On April 29, 2025, I scheduled an Initial Case Management Conference for July 29, 2025. (ECF 46).

On July 21, 2025, the Goldstein Defendants retained counsel, who sought an adjournment of the Initial Case Management Conference; Plaintiffs consented to this adjournment. (ECF 59). The next day, I adjourned that conference to September 4, 2025, and directed the parties to file a new proposed case management plan. (*See* ECF Nos. 59, 62). I also directed Plaintiffs to serve the scheduling orders on Masters, which they did. (*See* ECF Nos. 77, 78). Plaintiffs again sought Masters's input on the case management plan, but he refused. (*See* ECF 70). On August 29, 2025, Plaintiffs filed a motion to compel Masters to make his required initial disclosures after he failed to do so by the Court's deadline. (ECF 73).

On September 4, 2025, the Court held an Initial Case Management Conference at which Plaintiffs and the Goldstein Defendants appeared, but Masters did not. (Tr., ECF 86 at 9:6-12:6). Masters did not inform the Court of his absence in advance or ask for an adjournment.[3] (*See* Tr., ECF 86 at 11:1-12:6; ECF 81 at 2). On September 8, 2025, I granted Plaintiffs' motion to compel Masters to make his required initial disclosures by September 15, 2025. (ECF 80 at 1). He did not do so. On September 15, 2025, I ordered Masters to show cause why he should not be sanctioned for failing to appear at the conference and for failing to provide his initial disclosures. (ECF 81 at 2-3). I also warned Masters that if he failed to show cause he could be sanctioned by an award of

---

[3] Plaintiffs filed a letter on September 2, 2025, which contained a screenshot of a WhatsApp conversation between Plaintiffs' counsel and Masters in which Masters states he is "conflicted on [September] 4th" due to "a different court hearing relating to a domestic issue … in Scotland." (ECF 78-1). Plaintiffs' counsel reminded Masters that the Court set the date for the Initial Case Management Conference back in July and they would seek sanctions for their travel costs if he did not appear. (ECF 78-1). Masters replied, "You can do what you want i cannot attend and any issues will just be appealed The court action i am involved is State Department supported and it is not something i can adjust" [sic]. (ECF 78-1). When Plaintiffs' counsel then pointed out that Masters could have asked the Court for an adjournment in advance, Masters agreed, saying, "you are correct save i didn't realize the hearing was on Thursday…if anything happens i will simply appeal which i will succeed on. I am sorry but some things are inevitable" (sic). (ECF 78-1).

attorneys' fees or an entry of default. (*Id*.) On September 19, 2025, Plaintiffs filed their first motion for sanctions seeking attorneys' fees and costs for attending the September 4, 2025 conference. (ECF 84). The Goldstein Defendants filed a similar motion on September 22, 2025. (ECF 92).

On October 28, 2025, after Masters failed to respond to either motion for sanctions or my Order to Show Cause, I ordered him to do so by November 10, 2025, or I would deem the motions unopposed. (ECF 98). On November 5, 2025, Masters filed a motion asking for an extension of the November 10, 2025 deadline because he was "detained" in the United Kingdom. (ECF 100). The Court extended the deadline to November 26, 2025, but warned Masters that if he failed to respond, the Court would deem the motions for sanctions unopposed. (ECF 106). After Masters made no further filings in response to the motions for sanctions or my Order to Show Cause, I deemed the motions for sanctions fully submitted on December 4, 2025. (ECF 106).

## II.    DISCUSSION

Under Fed. R. Civ. P. 16(f), the court may issue any just orders, including those authorized by Rule 37(b)(2)(A), if a party: fails to appear at a scheduling or other pretrial conference; is substantially unprepared to participate—or does not participate in good faith—in the conference; or fails to obey a scheduling or other pretrial order. Fed. R. Civ. P. 16(f)(1). Furthermore, "[i]nstead of or in addition to any other sanctions, the court must order the party, its attorney, or both to pay the reasonable expenses—including attorney's fees—incurred because of any noncompliance with this rule, unless the noncompliance was substantially justified or other circumstances make an award of expenses unjust." Fed. R. Civ. P. 16(f)(2).

"Rule 16(f)'s explicit reference to sanctions... vests a district court with discretion to impose whichever sanction it feels is appropriate under the circumstances [in] accord[] with a district court's broader inherent power and responsibility to manage [its] docket[]..." *Huebner v. Midland*

4

*Credit Mgmt.*, 897 F.3d 42, 53 (2d Cir. 2018) (cleaned up, collecting cases). "In deciding whether a sanction is merited, the court need not find that the party acted in bad faith. The fact that a pretrial order was violated is sufficient to allow some sanction." *Id*.  Indeed, Courts regularly impose sanctions when a party fails to appear for a scheduled conference before the Court. *See Del Rio v. 257 SG Pizza Corp.*, No. 19-CV-3426 (OTW), 2021 WL 1907413, at *2 (S.D.N.Y. Apr. 6, 2021) (awarding attorneys' fees under Rule 16(f) against party that was absent at court conference and who provided no substantial justification for its failure to appear); *Petrisch v. JP Morgan Chase*, 789 F. Supp. 2d 437, 455 (S.D.N.Y. 2011) (awarding Rule 16(f) sanctions for various misconduct, including failing to appear at a scheduled conference).

Here, Masters has engaged in all three forms of misconduct identified by Rule 16(f). He willfully failed to attend the September 4, 2025 conference. Masters acknowledged that he was aware of the Conference but asserted that he was conflicted by unspecified court proceedings in Scotland, yet he neither informed the Court of this fact nor requested an adjournment. (*See* ECF 78-1; Tr., ECF 86 at 11:1-12:6). Masters failed to participate in good faith in the parties' Rule 26(f) conference, as he refused to provide feedback on the parties' Rule 26 Report on two separate occasions, despite his awareness of the Court's deadlines. (*See* ECF Nos. 60, 70). Finally, at the time of the Order to Show Cause, Masters had violated at least three scheduling or pretrial orders of this Court:

1) the Court's April 29 Initial Case Management Conference Order, (ECF 46), as Masters failed to appear at the September 4, 2025 Initial Case Management Conference, or participate in good faith in the parties' Rule 26(f) conference;
2) the Court's July 22 Scheduling Order, (ECF 62), as Masters failed to provide his Rule 26 initial disclosures by the Court's August 21, 2025 deadline; and
3) the September 8 Order on Plaintiffs' Motion to Compel, (ECF 80), as Masters again failed to provide his Rule 26 initial disclosures by the Court's deadline.

Accordingly, I find that Masters has violated Rule 16(f) and has not shown substantial (or any) justification for his failure to comply with Court discovery Orders.

In the case of a Rule 16 violation, "the court must award fees but 'the fees that may be assessed are limited to those incurred as a result of the Rule violation.'" *Rice v. NBCUniversal Media, LLC*, No. 19-CV-447 (JMF), 2019 WL 3000808, at *5 (S.D.N.Y. July 10, 2019) (quoting *Chambers v. NASCO*, Inc., 501 U.S. 32, 42 n.8 (1991)). Therefore, as a sanction for Masters's Rule 16(f) violations, Plaintiffs and the Goldstein Defendants are awarded their reasonable attorneys' fees and costs for preparing for and attending the September 4, 2025 conference.

When calculating attorneys' fees, "The most useful starting point for determining the amount of a reasonable [attorneys'] fee is the number of hours reasonably expended … multiplied by a reasonable hourly rate." *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). "All applications for [attorneys'] fees [must] be supported by contemporaneous records." *Scott v. City of New York*, 626 F.3d 130, 132 (2d Cir. 2010) (citations omitted).

### A. Plaintiffs' Attorneys' Fees and Costs

Plaintiffs have provided contemporaneous billing records for their time preparing for attending the September 4, 2025 conference:

| TIMEKEEPER | BILLABLE HOURS / RATE | TOTAL |
|---|---|---|
| Paralegal | 5.4 hours at $195 per hour | $1,053.00 |
| Mr. Gazso von Klingspor | 22.8 hours at $350 per hour | $7,980.00 |
| Mr. Coronado Diaz | 22.7 hours at $650 per hour | $14,755.00 |
| **TOTAL** | **50.9 hours** | **$23,788.00** |

(ECF 85-1).

Plaintiffs' counsel has engaged in some block billing, but the scope of the requested fees is small enough that it has not frustrated the Court's meaningful review of their records. I find the hours billed and the attorneys' rates to be reasonable for an associate and partner, respectively, and that Mr. Coronado Diaz appropriately utilized the lower cost associate to reduce costs. *See e.g., John Wiley & Sons, Inc. v. Book Dog Books, LLC*, 327 F. Supp. 3d 606, 645 (S.D.N.Y. 2018) (approving a $540 hourly rate for a partner); *Owerko v. Soul Temple Entm't, LLC*, No. 13-CV-6420 (RLE), 2016 WL 80664, at *2 n.1 (S.D.N.Y. Jan. 7, 2016) (citing cases awarding up to $650 per hour in this district.) Accordingly, the Court awards Plaintiffs' requested fees without reduction.

To recover costs and other expenses, a prevailing party must properly substantiate those expenses with receipts, invoices, or – at a minimum – a sworn statement by an attorney. *See Fisher v. SD Prot. Inc.*, 948 F.3d 593, 600 (2d Cir. 2020) ("The fee applicant must submit adequate documentation supporting the requested attorneys' fees and costs.") Plaintiffs have provided a list of the following costs:

| LINE ITEM | COST |
|---|---|
| Mr. Coronado Diaz's 9/3 flight from Sturgeon Bay to New York | $692.37 |
| Mr. Coronado Diaz's 9/3 hotel costs | $741.91 |
| Mr. Coronado Diaz's 9/3 hotel costs [sic] | $741.91 |
| Mr. Gazso von Klingspor's 9/3 flight from Miami to New York | $446.96 |
| "Blacklane transportation cost…" | $457.29 |
| "[Mr.] Coronado Diaz's additional uber, meal, and hotel stay charges due to significant delays at La Guardia Airport" | $475.80 |
| **TOTAL** | **$3,556.24** |

(ECF 85-1).

While Plaintiffs have submitted no documentation of any kind (*e.g.*, an invoice) to substantiate these costs beyond their sworn declarations, Masters has not opposed these costs. Accordingly, the Court will accept counsel's declaration as sufficient documentation of their expenses. However, there is a duplicate entry for Mr. Coronado Diaz's hotel costs on September 3, 2025. Accordingly, the Court will reduce Plaintiff's requested costs by $741.91 for a total of **$2,814.33**.

B.      **The Goldstein Defendants' Attorneys' Fees and Costs**

The Goldstein Defendants provided contemporaneous time records for the following:

| TIMEKEEPER | BILLABLE HOURS / RATE | TOTAL |
|---|---|---|
| Paralegal | 1.0 hours at $150 per hour | $150.00 |
| Mr. Galano | 5.1 hours at $775 per hour | $3,952.50 |
| Mr. Horgan | 2.6 hours at $775 per hour | $2,015.00 |
| **TOTAL** | **8.70 hours** | **$6,117.50** |

(ECF 93-2)

I find these rates reasonable for attorneys practicing in New York for 15 and 29 years respectively and I did not identify any instances of block billing. Accordingly, the Court awards the requested fees. The Goldstein Defendants did not include any invoices for costs.

V.      **CONCLUSION**

For the foregoing reasons, I find that Masters has failed to show cause why he should not be sanctioned for failing to attend the meet and confer with the parties to prepare for and attend the September 4, 2025 Initial Case Management Conference. I further find that Plaintiffs' and the

Goldstein Defendants' requested attorneys' fees and costs are reasonable and supported by contemporaneous time records.

Accordingly, Masters is sanctioned **$32,719.83** consisting of $29,905.50 in fees and $2,814.33 in costs. Masters is directed to remit **$6,117.50** to counsel for the Goldstein Defendants, and **$26,592.32** to Plaintiffs' counsel. The parties are directed to serve Masters with this Opinion and Order and written payment instructions, then file such proof of service on the docket by **June 5, 2026**. Masters shall make payment in full by **Friday July 31, 2026**.

**MASTERS IS WARNED THAT A FAILURE TO COMPLY WITH THIS COURT ORDER OR FAILURE TO MAKE PAYMENTS AS DIRECTED WITHOUT LEAVE FROM THE COURT MAY RESULT IN ADDITIONAL SANCTIONS UP TO AND INCLUDING A RECOMMENDATION THAT DEFAULT JUDGMENT BE ENTERED AGAINST HIM.**

The Clerk of Court is respectfully directed to close ECF Nos. 84 and 92.

**SO ORDERED.**

_/s/ Ona T. Wang_

Dated: June 2, 2026                                **Ona T. Wang**
New York, New York                         United States Magistrate Judge

9