UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

CE LINE ONE CORPORATION LIMITED f/k/a FIVE OCEAN'S TRADING ASIA LIMITED and DIPTSY MOLINA,

Plaintiffs,

v.

DARREN NEIL MASTERS; JONATHAN CHARLES GOLDSTEIN; and JONATHAN C. GOLDSTEIN, P.C.,

Defendants.

24-CV-9889 (RA)

ORDER ADOPTING
REPORT & RECOMMENDATION

RONNIE ABRAMS, United States District Judge:

Plaintiffs CE Line One Corporation Limited, f/k/a Five Oceans Trading Asia Limited and Diptsy Molina filed this action against Defendants Darren Neil Masters, Jonathan Charles Goldstein, and Jonathan C. Goldstein, P.C. for their alleged involvement in a scheme to defraud Plaintiffs. Before the Court is a Report & Recommendation issued on August 17, 2026 by Magistrate Judge Wang. Dkt. No. 127 ("Report"). The Report recommends that Defendant Masters be found in default and that an inquest on damages be ordered in light of (1) Masters' failure to pay ordered sanctions, *see* Dkt. No. 119 ("Sanctions Order"); and (2) Masters' failure to respond to Plaintiffs' pending second motion for sanctions, *see* Dkt. No. 112 ("Pls.' Second Mot. for Sanctions"). Report at 2.

A district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). "Within fourteen days after being served with a copy [of a report and recommendation], any party may serve and file written objections to such proposed findings and recommendations as provided by rules of court." *Id.*; *see also* Fed. R. Civ. P. 72(b). Where no timely objection has been made to a magistrate judge's report and recommendation, "a district court need only satisfy itself that there is no clear error on the face of

the record." *Nelson v. Smith*, 618 F. Supp. 1186, 1189 (S.D.N.Y. 1985). "Furthermore, if[,] as here[,] . . . the magistrate judge's report states that failure to object will preclude appellate review and no objection is made within the allotted time, then the failure to object generally operates as a waiver of the right to appellate review." *Hamilton v. Mount Sinai Hosp.*, 331 F. App'x 874, 875 (2d Cir. 2009) (summary order).

Judge Wang issued the Report on August 17, 2026. Report at 3. Plaintiffs served the Report on Masters by both email and certified mail on September 3, 2026 and filed proof of service the same day. Dkt. No. 131 ("Proof of Service of Report"). Because the Report was served by mail, Masters had seventeen days from service—the standard fourteen days plus three additional days as required by Rule 6(d)—in which to object. *See* Fed. R. Civ. P. 6(d), 72(b)(2). That period elapsed on September 21, 2026, and no party has filed an objection. The Court thus reviews the Report for clear error and, finding none, adopts it in full.

As the Report explains, Judge Wang entered the Sanctions Order on June 2, 2026, imposing monetary sanctions of $32,719.83 on Masters, to be paid by July 31, 2026 to counsel for the Plaintiffs and the Goldstein Defendants. *See* Sanctions Order at 9. The Sanctions Order warned Masters that "**FAILURE TO COMPLY WITH THIS COURT ORDER OR FAILURE TO MAKE PAYMENTS AS DIRECTED WITHOUT LEAVE FROM THE COURT MAY RESULT IN ADDITIONAL SANCTIONS UP TO AND INCLUDING A RECOMMENDATION THAT DEFAULT JUDGMENT BE ENTERED AGAINST HIM**." *Id.* (emphases in original). The Sanctions Order was served on Masters on June 3, 2026. Dkt. No. 121 ("Proof of Service of Sanctions Order"). On August 3, 2026, counsel filed a letter informing the Court that Masters had not paid the sanctions. Dkt. No. 125 ("Pls.' Letter re Def.'s Failure to Pay Sanctions"). Moreover, in addition to failing to comply with the Sanctions Order, Masters failed to respond to Plaintiffs' second motion for sanctions for Masters' continuing refusal to participate in discovery.

On August 4, 2026, Judge Wang ordered Masters to show cause by August 11, 2026 why she

should not recommend entering a default judgment against him and ordering an inquest on damages. Dkt. 126 ("Order to Show Cause"). Masters did not respond to the Order to Show Cause. Accordingly, Judge Wang issued a recommendation to find Masters in default and order a damages inquest. *See* Report at 2.

**CONCLUSION**

Given that no objections to the Report were filed within the allotted time period, the Court has reviewed Judge Wang's Report for clear error. After careful review of the Report and the record, and finding that the Complaint asserts facts sufficient to state the claims for relief alleged against Masters, the Court finds no error—clear or otherwise—and adopts the Report in full. Judgment is entered in favor of Plaintiffs and against Masters as to all claims against him. By separate order, the Court refers the matter to Magistrate Judge Wang for an inquest on damages.

SO ORDERED.

Dated: September 23, 2026
New York, New York

Ronnie Abrams
United States District Judge